**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Kemp L. Strickland
Assistant U.S. Attorney
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 30, 2025

John Haub Law LLC
Attorney At Law
1001 Molalla Ave, Ste 118
Oregon City, OR 97045

Re:   *United States v. Devin P. Montgomery,* 3:25-cr-394
      Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to an information charging a National Defense Airspace violation of Title 49 U.S.C. 46307 and 40103(b)(3).

3.    **Penalties**: The maximum sentence is up to one year in jail, a fine of $100,000, and a $25 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining charges against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of the Information, the government must prove the following elements beyond a reasonable doubt:

- Defendant knowingly operated an Unmanned Aircraft System (UAS); and

- Said operation occurred within a Temporary Flight Restricted (TFR) area.

John Haub
Page 2 of 4
September 30, 2025

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees he has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are undisputed:

On September 4, 2025, at about 3pm an Unmanned Aircraft System (UAS) also commonly described as a "drone" was observed by Federal Protection Service (FPS) officers flying in a temporary flight restricted (TFR) area as designated by the Federal Aviation Administration (FAA). At 3:09pm, FPS then observed defendant, Devin P.Montgomery using controls to operate the UAS. defendant was located at the Trolly stop adjacent to the NE corner of the ICE facility. At that time, FPS advised defendant that it is prohibited to fly a UAS above or around the ICE federal facility due to the TFR imposed by the FAA. After being advised defendant ignored FPS's instructions and continued to operate the UAS. FPS then exited the ICE fence line walked to the trolly station and advised defendant again that he cannot operate a UAS within the boundaries of a federal building because of the TFR. Defendant then became argumentative with FPS agents, continued to operate tue UAS and stated, "you don't know what you're talking about, I know my rights". At that time, defendant was detained without handcuffs and escorted into the ICE facility by two FPS agents – one under each arm and for investigative purposes.

6.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.   **Relevant Conduct**: The parties agree that pursuant to USSG §1B1.9, the sentencing guidelines do not apply and the court may impose any sentence authorized by statute.

8.   **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a one-year term of probation, supervised by the Court. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.   **Joint Sentencing Recommendation**: The parties will recommend a one-year term of probation and a $25 special assessment. During the term of probation, defendant agrees not to have any direct or indirect contact with the victim named in the complaint and will not be present and/or operate any type of UAS, as described above, within the following geographic area surrounding the Immigration and Customs Enforcement Building (ICE) in Portland, Oregon, defined as the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

Haub
Re: Mongomery Plea Agreement Letter
Page 4
September 29, 2025

15. **Deadline**: This plea offer expires if not accepted by October 3, 2025 at 5pm.

> Sincerely,
> SCOTT E. BRADFORD
> United States Attorney
>
> *Kemp L. Strickland*
> KEMP L. STRICKLAND
> Assistant United States Attorney

   I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

Oct 3, 2025
Date                                            Devin P. Montgomery, Defendant

   I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

Oct 3, 2025
Date                                            John Haub, Attorney for Defendant